UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
RIVERKEEPER, INC., et al.,
      Plaintiffs,

                  06 Civ. 12987(PKC)

  -against-

                  AMENDMENT TO
                  MEMORANDUM
                  AND ORDER

UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY, et al.,
      Defendants.
-----------------------------------------------------------x

P. KEVIN CASTEL, District Judge:

    There are strong jurisprudential reasons counseling against an unnecessary certification of a controlling question of law to a court of appeals, pursuant to 28 U.S.C. § 1292(b).  There is utility in developing a complete factual record.  Piecemeal appeals are highly disfavored.  Nevertheless, it is a procedural device available for use in a proper instance, which I conclude that this is.  Section 1292(b) contains no bar on sua sponte certification.  See, e.g., Aurora Maritime Co. v. Abdullah Mohamed Fahem, 85 F.3d 44, 46 (2d Cir. 1996); Wisdom v. Intrepid Air Space Museum, 993 F.2d 5, 7 (2d Cir. 1993).

    In a Memorandum and Order dated September 21, 2007 ("September 21 Order"), I concluded that a challenge to certain final agency action of the United States Environmental Protection Agency ("EPA") was not within the exclusive jurisdiction of the courts of appeals. The courts of appeals have exclusive jurisdiction to review "the Administrator's action . . . in approving or promulgating any effluent limitation or other limitation . . . ." 33 U.S.C. § 1369(b)(1)(E).  But I concluded that the district court had jurisdiction over the claim because the amended complaint alleged that the EPA failed to adopt "standards" as plaintiffs contend were required by section 316(b) of the Clean Water Act (the "Act"), 33 U.S.C. § 1326(b).

Section 505(a) of the Act permits "any citizen" to commence an action on his own behalf in the district courts "against the Administrator [of the EPA] where there is alleged a failure of the Administrator to perform any act or duty under this chapter which is not discretionary with the Administrator." 33 U.S.C. § 1365(a)(2).

The EPA argued that the final agency action continued existing standards for cooling water intake structures for preexisting facilities and that these standards required a case-by-case, best professional judgment review. The final agency action, the EPA asserted, was the approval or promulgation of a "limitation" and hence in the exclusive jurisdiction of the courts of appeals.  It was not, the EPA has argued, a failure to perform a non-discretionary act or duty within the jurisdiction of the district court.

The issue presented is a pure "question of law."  28 U.S.C. § 1292(b).  There are no facts in dispute, only the legal conclusions to be drawn from the facts.  The "question of law" is a "controlling" one.  Id.  If the EPA is correct, then this Court lacks subject matter jurisdiction.

There is a "substantial ground for difference of opinion."  Id.  Neither side has been able to uncover precedent close to point.  One could view the EPA's final action continuing a standard as "approval" of a "limitation," albeit a pre-existing one.  One could also view the matter differently, as I have.  Section 316(b) of the Act provides that "[a]ny standard established pursuant to section [301 (effluent limitations)] or section [306 (national standards of performance)] and applicable to a point source shall require that the location, design, construction, and capacity of cooling water intake structures reflect the best technology available for minimizing adverse environmental impact." 33 U.S.C. § 1326(b).  The plaintiffs allege that the EPA did establish standards under section 301 but did not also take the action "require[d]" by section 316(b).  I have agreed with plaintiffs that the amended complaint sets forth non-

insubstantial, non-frivolous allegations of a failure to perform a non-discretionary duty, thereby conferring jurisdiction on this Court under Section 505(a).

The relevant point for certification purposes is that, in the absence of controlling case law and in view of a proffer of a plausible statutory interpretation, there is a "substantial ground" for disagreement with my ruling. 28 U.S.C. § 1292(b).

I also conclude that "an immediate appeal" from the September 21 Order will "materially advance the ultimate termination of the litigation." Id. The jurisdictional issue is a threshold issue which would resolve the case in the district court. If a court of appeals has jurisdiction, then I do not.

There is a strong additional reason to certify the question. Presently pending in the Court of Appeals is a petition by these very same plaintiffs seeking review of the very same agency action on the basis that the EPA's action was a "limitation" and within the exclusive jurisdiction of the courts of appeals. Riverkeeper v. EPA, 06-3059-ag (2d Cir.). The petition, originally filed in the Court of Appeals for the Second Circuit, has been transferred to the Court of Appeals for the Fifth Circuit, but the plaintiffs report that there is a pending motion to transfer it back to the Second Circuit. Plaintiffs assert that they filed this petition on a protective basis. Although it is not a critical part of my reasoning in granting certification, I note that certification may provide a vehicle for the Court of Appeals to address the issue at one time.

CONCLUSION

For the foregoing reasons, the Memorandum and Order dated September 21, 2007 is amended to include certification, pursuant to 28 U.S.C. § 1292(b) and Rule 5(a)(3), Fed. R. Appellate P., of the question of whether this Court has subject matter jurisdiction over the claims asserted in the Amended Complaint.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
       September 28, 2007